# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BRIAN K. DOLIBOA,<br>Petitioner, | Civil Action No. 1:09-cv-872 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, U.S. PENITENTIARY,<br>ET AL.,<br>Respondents. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, who is currently incarcerated at a federal prison in Terre Haute, Indiana, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 conviction in the Warren County, Ohio, Court of Common Pleas on charges of cocaine possession with a major drug offender (MDO) specification and marijuana possession. This matter is before the Court on the petition, respondent's "Answer/Return Of Writ" with exhibits, petitioner's "traverse" in response to the return of writ, and respondent's reply to petitioner's "traverse." (Docs. 2, 10, 17, 18). Also pending before the Court for ruling is petitioner's motion filed on May 26, 2010 "to stay and abey proceedings or, in the alternative, to excuse the exhaustion of state remedies." (Doc. 7). Petitioner is represented by counsel.[1]

## I. PROCEDURAL HISTORY

This case involves the following facts as summarized by the Ohio Court of Appeals, Twelfth Appellate District, in its decision on direct appeal affirming the challenged judgment of conviction

---

[1] Attorney Sandra J. Finucane prepared and filed the habeas petition and motion for stay on petitioner's behalf. (*See* Docs. 2, 7). Another attorney, Derek Farmer, entered an appearance in the case on September 27, 2010; he prepared and filed petitioner's "traverse" brief that same date. (Docs. 16-17).

and sentence:[2]

> On March 25, 2006, Doliboa received a telephone call from a man who had sold drugs to him in the past and who, unbeknownst to Doliboa, had become a confidential informant ("CI") for the Warren County Drug Task Force. The CI and Doliboa discussed the sale of cocaine and marijuana.
>
> The police did not supervise the March 25th telephone call, and therefore, they neither recorded the call nor listened in on it. As a result, the police directed the CI to make another telephone call to Doliboa, which the CI did on March 26, 2006. This time, the police recorded the call and listened in on it. In their March 26th telephone call, the CI and Doliboa again discussed the proposed sale of drugs, using the terms "white girls" and "Mexican girls," which are slang in the drug trade for cocaine and marijuana, respectively. They also discussed using the title of Doliboa's truck as collateral for his purchase of the drugs.
>
> The following day, the CI made another telephone call to Doliboa, which the police again recorded and listened in on. The CI and Doliboa agreed to meet later that afternoon in the parking lot of a fast-food restaurant to make the drug deal. Before the meeting took place, the police placed two kilos of cocaine and ten pounds of marijuana in a duffel bag, and then placed the duffel bag in the trunk of the CI's vehicle. The police based the amount of cocaine and marijuana they placed in the duffel bag on information they received from the CI, which he obtained as a result of his March 25th telephone conversation with Doliboa.
>
> When Doliboa arrived at the scheduled meeting, he got out of his truck and met with the CI, and then the two of them went to the trunk of the CI's vehicle. Doliboa took the duffel bag out of the CI's trunk and placed it in the passenger side of his vehicle. As he did so, the CI told Doliboa the duffel bag contained two kilos of cocaine and eight pounds of weed to which Doliboa responded, "Oh really."
>
> At that moment, several officers from the Warren County Drug Task Force rushed over to Doliboa and yelled, "Police, get down." Doliboa tried to flee, but the officers quickly apprehended him. The officers recovered from the floorboard of Doliboa's vehicle the duffel bag containing the cocaine and marijuana, as well as a digital scale of the type often used by drug dealers.

---

[2] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir.), *cert. denied,* 543 U.S. 892 (2004).

2

(Doc. 10, Ex. 19, pp. 1-3) (footnote omitted).[3]

## State Trial Proceedings

On April 3, 2006, the Warren County grand jury returned an indictment charging petitioner with one count of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2), one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), one count of trafficking in marijuana in violation of Ohio Rev. Code § 2925.03(A)(2), and one count of possession of marijuana in violation of Ohio Rev. Code § 2925.11(A); a MDO specification was attached to the cocaine trafficking and possession charges. (Doc. 10, Ex. 1).

The matter proceeded to a trial before a jury. However, because the jury was unable to reach a verdict, the trial court declared a mistrial and ordered that the matter be set for retrial. (Doc. 10, Exs. 5-6).

Before the second trial commenced, petitioner's trial counsel filed a motion to compel the disclosure of the identity of the confidential informant; a motion to dismiss or reduce the charges; and a motion requesting that "all reference to information obtained from statements to the confidential informant, the audio recordings of conversations with the confidential informant, [and] all reference to past crimes or bad acts of the Defendant" be suppressed or deemed inadmissible at trial. (Doc. 10, Exs. 7-9). The trial court denied petitioner's suppression motion and request to compel the disclosure of the informant's identity. (Doc. 10, Ex. 10, Trial Tr. 10-12, 15). However, the two trafficking counts were dismissed. (Doc. 10, Ex. 10, Trial Tr. 17). The matter, therefore, proceeded to trial only on the cocaine possession charge (Count Two), the MDO specification

---

[3]In the omitted footnote, the Ohio Court of Appeals pointed out that the "police actually placed ten pounds of marijuana in the duffel bag, not eight as the CI said," but concluded that the "discrepancy does not affect the outcome of this case." (Doc. 10, Ex. 19, p. 2 n.1).

3

attached to Count Two, and the marijuana possession charge (Count Four). (Doc. 10, Ex. 10, Trial Tr. 17).

After a jury trial, petitioner was found guilty of both possession offenses, as well as the MDO specification attached to the cocaine possession count. (Doc. 10, Exs. 11-12). On June 13, 2007, petitioner was sentenced to an aggregate prison term of fifteen years (15) years,[4] which was to be served consecutively to the "sentence he is currently serving out of the Federal Court and Montgomery County." (Doc. 10, Ex. 13).

## State Appellate Proceedings

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, raising the following assignments of error:

> 1. It was prejudicial error for the trial court to fail to compel the State to produce the identity, address, all agreeements securing the cooperation of, and prior felony convictions of its confidential informant, the Mexican.
>
> 2. It was prejudicial error for the trial court to repeatedly allow the out of court testimony of the confidential informant to be entered into evidence.
>
> 3. It was prejudicial error for the trial court to allow evidence of prior bad acts of the Appellant into evidence purportedly to establish knowledge of the presence of cocaine in the bag in his possession.
>
> 4. It was prejudicial error for the trial court to reject the proposed jury instruction of the Appellant, without providing a substantially similar alternative, on the requirement of knowledge of the amount of cocaine in his possession.
>
> 5. It was prejudicial error for the trial court to fail to grant Appellant's motions to dismiss the charge of possession of cocaine and the associated major drug offender specification.

(Doc. 10, Exs. 14-16).

---

[4]Specifically, the court merged the two possession counts for sentencing purposes and imposed consecutive prison terms of ten (10) years for the cocaine possession offense and five (5) years for the MDO specification. (Doc. 10, Ex. 13).

4

On October 13, 2008, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (Doc. 10, Ex. 19).

Petitioner did not perfect a timely appeal to the Ohio Supreme Court. Indeed, it appears from the record that petitioner took no further action in the state courts to challenge his conviction until April 19, 2010, months after the instant federal habeas corpus action was filed. On that date, Sandra J. Finucane, the attorney representing petitioner in this case, filed a notice of appeal and motion for leave to file a delayed appeal on petitioner's behalf with the Ohio Supreme Court. (Doc. 10, Exs. 20-21).

In the motion for delayed appeal, petitioner admitted that his trial/appellate counsel informed him of the Ohio Court of Appeals' decision in a letter received by petitioner at the end of October 2008; in the letter, counsel also informed petitioner that he would not be filing an appeal on petitioner's behalf to the Ohio Supreme Court. (Doc. 10, Ex. 21, p. 3 & Ex. B, ¶3). Petitioner argued as "cause" for his delay in filing that that he lacked the knowledge, education and mental capacity to file a timely appeal on his own and that he neither could find nor had the resources to hire another attorney to assist him in preparing and filing an appeal to the Ohio Supreme Court until February 2010. (Doc. 10, Ex. 21, pp. 3, 6 & Ex. B). Petitioner further contended that "he suffered from <u>a complete denial of access to any Ohio law library or legal materials</u> due to his incarceration in Terre Haute during the entire period of time within which he could have otherwise performed the necessary research to file a pro se appeal or a more timely motion for a delayed appeal." (Doc. 10, Ex. 21, pp. 6-7) (emphasis in original).

On June 9, 2010, the Ohio Supreme Court denied petitioner's motion for delayed appeal without opinion. (*See* Doc. 10, Ex. 26).

5

**Federal Habeas Corpus**

The instant federal habeas corpus petition was filed by counsel on petitioner's behalf on November 25, 2009. (Docs. 1-2). In the petition, petitioner alleges six grounds for relief:

> **Ground One:** Petitioner's right to a fair trial as guaranteed by the Fourteenth Amendment was violated where the trial court failed to compel the State to produce the identity, address, all agreements securing the cooperation of, and prior felony convictions of, the person the State referred to as its "confidential informant."
>
> **Ground Two:** Petitioner's Sixth Amendment right to confront his accusers and his right to a fair trial as guaranteed by the Fourteenth Amendment were violated where the trial court repeatedly allowed out-of-court testimony of the confidential informant to be entered into evidence.
>
> **Ground Three:** Petitioner was denied his right to due process and to a fair trial as guaranteed by the Fourteenth Amendment where the trial court allowed into evidence Petitioner's prior bad acts, purportedly to establish that he had knowledge of the presence of cocaine in the bag which was delivered to him.
>
> **Ground Four:** Petitioner was denied his due process right to a fundamentally fair trial as guaranteed by the Fourteenth Amendment because the trial court rejected his proposed jury instruction, without providing a substantially similar alternative, on the mens rea element of knowledge of the amount of cocaine in his possession.
>
> **Ground Five:** Because the State failed to present evidence proving beyond a reasonable doubt Petitioner's guilt on the possession of cocaine charge and the associated major drug offender specification, the trial court's failure to dismiss those counts violated Petitioner's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
>
> **Ground Six:** Petitioner's right to due process as guaranteed by the Fourteenth Amendment was violated by the unconscionable behavior of the State.

(Doc. 2, pp. 6, 8, 9, 11, 13). On December 1, 2009, the Court issued a show cause order directing respondent to file a return or writ responding to the petition within sixty (60) days. (Doc. 3).

On May 26, 2010, petitioner's counsel filed a motion "to stay and abey proceedings, or, in the alternative, to excuse the exhaustion of state remedies." (Doc. 7). In the motion, counsel requested a stay of the federal habeas case while petitioner exhausted his motion for delayed appeal

6

filed in April 2010 with the Ohio Supreme Court. (Doc. 7).

On June 2, 2010, respondent filed a motion for a 60-day extension of time in which to file an answer and response to petitioner's motion for stay of the case. (Doc. 8). In support of the motion, respondent stated that the December 1, 2009 show cause order served on the Ohio Attorney General's office "was not seen by the person responsible for assigning cases" and that counsel at that office "first learned about the case when Petitioner's motion to stay and/or excuse exhaustion was filed." (Doc. 8, p. 2). On June 3, 2010, the Court granted respondent's motion and set a deadline of August 2, 2010 for the filing of the return of writ and response to petitioner's motion for stay. (Doc. 9).

On July 27, 2010, respondent filed the return of writ. (Doc. 10). In that pleading, respondent noted that petitioner's motion for stay "is moot as the Supreme Court of Ohio denied Doliboa leave to file a delayed appeal on June 9, 2010." (Doc. 10, pp. 7-8 n.4). Respondent also contended that petitioner has waived his claims for relief, which were procedurally defaulted in the state courts. (Doc. 10, pp. 16-30).

Petitioner has filed a "traverse" in response to the return of writ, wherein he argues in part that respondent "has waived the assertion of procedural defenses by failing to timely respond to the Petition." (Doc. 17, p. 6). Respondent has filed a brief in reply to arguments raised for the first time in petitioner's "traverse." (Doc. 18).

## II. PETITIONER'S MOTION FOR STAY (DOC. 7) SHOULD BE DENIED

As discussed above, in the motion for stay filed in May 2010, petitioner requested that the instant action be held in abeyance while he exhausted the then-pending motion for delayed appeal filed in April 2010 with the Ohio Supreme Court. (Doc. 7). As respondent has pointed out in the

7

return of writ, the Ohio Supreme Court denied petitioner's motion for leave to file a delayed appeal on June 9, 2010. (Doc. 10, Ex. 26). Because petitioner thus has exhausted the state court remedy that was the subject of his stay motion, the motion (Doc. 7) should be **DENIED** as moot.

### III. RESPONDENT'S WAIVER DEFENSE IS NOT WAIVED AND HAS MERIT

Respondent has argued in the return of writ that petitioner has waived his claims for federal habeas relief due to his procedural defaults in the state courts. (Doc. 10, pp. 16-30). Contrary to petitioner's contention in the "traverse" brief (Doc. 17, p. 6), respondent has not waived the procedural defense or, for that matter, any other defense asserted in the return of writ based on the State's failure to timely respond to the petition. Respondent was granted an extension of time to August 2, 2010 in which to file an answer responding to petitioner's habeas corpus petition. (Doc. 9). The return of writ filed in July 2010, therefore, constitutes a "timely" response to the petition.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the

federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve the issue for appellate review. *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there

9

was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). In *Harris,* the Supreme Court noted, however, that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* ... assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If it is determined that the state court relied on an adequate and independent state procedural bar, habeas corpus review of the petitioner's federal claims is precluded unless the petitioner can demonstrate cause for his procedural default in the state courts and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,*

433 U.S. 72, 87 (1977).

In this case, as respondent has argued in the return of writ (Doc. 10, pp. 27-28), it appears that petitioner procedurally defaulted the claim alleged in Ground Five challenging the sufficiency of evidence because he did not raise the claim as an issue on appeal in the state courts. Moreover, as respondent has also pointed out (Doc. 10, pp. 16-27), although petitioner may have presented the remaining constitutional claims alleged in Grounds Two through Four and Six on direct appeal to the Ohio Court of Appeals, he committed a procedural default by failing to file a timely appeal to the Ohio Supreme Court after the Court of Appeals rejected the claims of error.

Petitioner did attempt to perfect an appeal to the state supreme court for review of claims that were raised on direct appeal by filing a motion for delayed appeal on April 19, 2010, over one and one-half years after the intermediate court issued its decision on October 13, 2008 overruling petitioner's assignments of error and affirming the trial court's judgment. (*See* Doc. 10, Exs. 19-21). However, the Ohio Supreme Court refused to allow the appeal by summarily denying the motion. (Doc. 10, Ex. 26).

In *Bonilla,* the Sixth Circuit ruled that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar federal court review of a habeas corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (*per curiam*), *cert. denied,* 543 U.S. 989 (2004); *see generally Harris,* 489 U.S. at 260-62. In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). The court explained:

11

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Bonilla,* 370 F.3d at 497.

As in *Bonilla,* petitioner here failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his delay in filing. *See id.* In this case, as in *Bonilla,* the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *Id.* In such circumstances, it must be assumed that the state supreme court enforced the applicable procedural bar. *Id.* (citing *Sparkman,* 94 F.3d at 203).

Because petitioner thus failed to comply with a state procedural rule, which was relied on by the Ohio Supreme Court in denying his motion for delayed appeal, petitioner may have waived all of his claims for federal habeas relief. As the Sixth Circuit stated in *Bonilla,* "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman,* 501 U.S. at 750). Similarly, the Court concludes that petitioner's claims for relief, which were procedurally defaulted by petitioner either when he failed to raise them at all on direct appeal (Ground Five) or when he failed to timely appeal to the Ohio Supreme Court (Grounds One through Four and Six), are barred from

12

review absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner has not shown a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. Although petitioner has alleged in Ground Five that the evidence was insufficient to establish his guilt on the cocaine possession charge and MDO specification, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

Petitioner has asserted various arguments in an effort to demonstrate "cause" for his procedural default in failing to file a timely appeal with Ohio Supreme Court.

First, he has contended that he lacks the mental capacity, knowledge or legal skills to file a timely appeal on his own and that he was unable to find and lacked the funds to hire an attorney to assist in preparing and filing a timely appeal on his behalf. (*See* Doc. 10, Ex. 21, pp. 3, 6 & Ex. B). In *Bonilla,* the Sixth Circuit rejected similar arguments, holding that the petitioner's *pro se* status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely notice of appeal were insufficient to establish cause sufficient to excuse his procedural default. *Bonilla,* 370 F.3d at 498; *see also Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). Petitioner had no constitutional right to counsel on discretionary appeal to the Ohio Supreme Court. *See Tanner v. Jeffreys,* 516 F.Supp.2d 909, 916 (N.D. Ohio 2007) (citing *Barkley v. Konteh,* 240 F.Supp.2d 708, 714 (N.D. Ohio 2002)); *see also Pennsylvania v. Finley,* 481 U.S.

551, 556 (1987).[5] Therefore, his inability to secure counsel to assist in preparing and filing a timely appeal to the Ohio Supreme Court does not excuse his procedural default in this case.

Petitioner has not cited or provided any evidence demonstrating that he lacked the mental capacity to file a timely notice of appeal on his own. Indeed, even if he had shown he suffered from a "borderline mental impairment," or low IQ, such a showing would have been insufficient to demonstrate cause for his failure to file a timely notice of appeal to the Ohio Supreme Court. *See, e.g., Johnson v. Wilson,* 187 Fed. Appx. 455, 458 (6th Cir. 2006) (citing *Hull v. Freeman,* 991 F.2d 86 (3rd Cir. 1993); *Harris v. McAdory,* 334 F.3d 665, 669 (7th Cir. 2003), *cert. denied,* 541 U.S. 992 (2004); *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir. 1992); *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988)), *cert. denied,* 549 U.S. 1218 (2007). Petitioner's delayed appeal motion contained general statements to the effect that petitioner "suffers from a possible mental illness and or mental disability" and "has an apparent addiction to alcohol." (Doc. 10, Ex. 21, p. 6). However, no showing was made that any of these "possible" or "apparent" mental impairments affected petitioner's ability to understand and comply with court filing deadlines.

Finally, petitioner has not adequately explained why it took over one and one-half years after the Ohio Court of Appeals issued its decision on direct appeal to file his delayed appeal motion with the Ohio Supreme Court. Petitioner has averred that he was unable to secure an attorney to file the delayed appeal motion until, at the earliest, February 2010. However, as discussed above, his

---

[5]*Cf. Garrett v. Moore,* No. C-1-05-102, 2007 WL 315093, at *1, *5 (S.D. Ohio Jan. 30, 2007) (Weber, S.J.; Hogan, M.J.) (unpublished) (holding that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, petitioner was unable to establish that the ineffectiveness of counsel on discretionary appeal to the Ohio Supreme Court constituted cause for his procedural default); *Whittsette v. Gansheimer,* No. 1:08cv245, 2008 WL 4682656, at *3-4, *9-11 (N.D. Ohio Oct. 22, 2008) (unpublished) (same); *Wright v. Bobby,* No. 1:05cv02870, 2008 WL 2484170, at *1, *17-18 (N.D. Ohio June 17, 2008) (unpublished) (same).

purported inability to secure counsel does not justify the delay in filing.[6]

Petitioner also has claimed that, since he is incarcerated in Indiana, he has not been able to obtain access to Ohio legal materials necessary for seeking an appeal in the Ohio Supreme Court. He cites the Sixth Circuit's decision in *Phillips v. Mills,* 188 F.3d 508 (table), No. 98-5061, 1999 WL 685925 (6th Cir. Aug. 25, 1999) (unpublished), as support for the position that the lack of access to Ohio legal materials constitutes "cause" in this case. In *Phillips, supra,* 1999 WL 685925, at *2, the Sixth Circuit held that the petitioner had established cause for the procedural default of a claim for post-conviction relief in Tennessee where the undisputed evidence demonstrated that, while he was in prison in Alabama, petitioner had requested and was denied access to Tennessee legal materials and was told that he would "have to be returned to Tennessee before attacking [his] convictions." In contrast, in this case, petitioner has not shown that he even requested Ohio legal materials while incarcerated in the federal prison in Indiana; nor does the record reflect that petitioner was ever advised that he had to wait to attack his Ohio conviction until he returned to Ohio. *Cf. Ralph v. Warden, Ross Corr. Inst.,* No. 2:07cv199, 2008 WL 659708, at *1 (S.D. Ohio Mar. 6, 2008) (unpublished) (distinguishing *Phillips* because "nothing in the record before this Court lends credit to petitioner's assertion that he was unable to obtain Ohio legal materials and 'forced to wait until his return to Ohio ... to pursue relief'").

Accordingly, in sum, the Court concludes that the procedural waiver defense asserted by respondent in the return of writ is not waived. As respondent has argued in the return of writ, petitioner has procedurally defaulted his claims for relief by failing to raise the claim alleged in

---

[6]In any event, this argument is suspect given that the attorney ultimately obtained to file the delayed appeal motion had been representing petitioner in the instant federal habeas case for over six months before the delayed appeal motion was filed with the Ohio Supreme Court.

15

Ground Five on appeal to the state courts and by failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' October 13, 2008 direct appeal decision. Because petitioner has not demonstrated "cause" for his procedural defaults or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that petitioner has waived his claims for federal habeas relief and **RECOMMENDS** that petitioner's petition for writ of habeas corpus (Doc. 2) be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion "to stay and abey proceedings or, in the alternative, to excuse the exhaustion of state remedies" (Doc. 7) be **DENIED** as moot.

2.. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice.

3. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[7]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner

---

[7]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/14/2010
cbc

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BRIAN K. DOLIBOA,
    Petitioner,

vs

WARDEN, U.S. PENITENTIARY
ET AL.,
    Respondents.

Civil Action No. 1:09-cv-872

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).