# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Brian Doliboa,

       Petitioner,                                           Case Action No.: 1:09-cv-872

       v.

                                                                    Judge Michael R. Barrett

Warden U.S. Penitentiary
Terre Haute, Indiana, et al,

       Respondents.

## **OPINION & ORDER**

       The matter under consideration is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the Court is Magistrate Judge Karen L. Litkovitz's Report and Recommendation ("Report") (Doc. 20). In the Report, Magistrate Judge Litkovitz recommends that Petitioner Brian Doliboa's motion "to stay and abey proceedings or, in the alternative, to excuse the exhaustion of state remedies" ("Motion to Stay") (Doc. 7) be denied as moot. The Report additionally recommends that Petitioner's petition for writ of habeas corpus (Doc. 2) be denied with prejudice. It further recommends that a certificate of appealability should not issue and that Petitioner should be denied leave to proceed on appeal *in forma pauperis*. (Doc. 20, 16–17.)

       Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file timely objections.[1] *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner has filed an Objection (Doc. 22), but the parties have filed other documents

---

[1] A Notice regarding objections was attached to the Report. (Doc. 20, 18.)

as well. Respondent Ohio Attorney General has filed an Answer/Return of Writ (Doc. 10), which has resulted in Petitioner's "traverse" in response (Doc. 17) and a reply by Respondent (Doc. 18). For the following reasons, the Court ADOPTS the magistrate judge's Report in its entirety.

I.     **Background**

Petitioner Brian K. Doliboa is incarcerated at a federal prison in Indiana. In 2007, he was convicted in the Warren County, Ohio, Court of Common Pleas on charges of cocaine possession with a major drug offender ("MDO") specification and marijuana possession. (Doc. 20, 1.) The state appellate court's factual findings, which are presumed to be correct (Doc. 20, 1 n.2), show that as a result of a confidential informant offering to sell him drugs, Petitioner was arrested during a drug-task-force sting operation. He was arrested with two kilos of cocaine, eight pounds of marijuana, and a digital scale. (Doc. 20, 2.) A Warren County grand jury indicted him on April 3, 2006.

His first trial was declared a mistrial because the jury was unable to reach a verdict. A marijuana trafficking charge was dropped, and retrial went forward on one count of cocaine possession, with the MDO specification attached as a second count, and one count of marijuana possession. (Doc. 20, 3–4.) At his second trial, the jury found Petitioner guilty on all three counts. He was sentenced to an aggregate term of fifteen years to be served consecutively with a separate sentence. (Doc. 20, 4.)

Petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, but it affirmed the trial court's judgment. (Doc. 20, 4–5.) Petitioner was thereafter informed of the appellate court's decision in a letter, which also indicated that his counsel would not be filing an appeal to the Ohio Supreme Court. Petitioner did not

timely appeal to the Ohio Supreme Court. (Doc. 20, 5.) He took no further action to challenge his conviction until after this federal habeas-corpus action began.

On April 29, 2010, he filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court, but this motion was denied on June 9, 2010. (Doc. 20, 5; Doc. 10, Ex. 26.) However, before that, on May 26, 2010, Petitioner filed a Motion to Stay (Doc. 7) requesting a stay while his delayed appeal to the Ohio Supreme Court was under consideration. (Doc. 20, 6–7.) Petitioner argued the "cause" for his delayed filing with the Ohio Supreme Court was a lack of knowledge, education, and mental capacity to appeal on his own, and he could not find or pay another attorney to assist him until February 2010. He also argued that he suffered from a denial of access to any Ohio legal materials due to his incarceration in Indiana. (Doc. 20, 5.)

Petitioner's writ of habeas corpus alleges six grounds for relief:

- Ground One: The trial court violated Petitioner's Fourteenth Amendment right to a fair trial by failing to compel the State to produce the identity, address, all agreements securing the cooperation of, and prior felony convictions of the State's confidential informant. (Doc. 2, 6.)

- Ground Two: The trial court violated Petitioner's Sixth Amendment right to confront his accusers and his Fourteenth Amendment right to a fair trial by repeatedly allowing the confidential informant's out-of-court testimony into evidence. (Doc. 2, 8.)

- Ground Three: The trial court denied Petitioner's Fourteenth Amendment rights of due process and a fair trial by allowing Petitioner's prior bad acts into evidence, purportedly to establish that he had knowledge of the presence of

3

cocaine in the bag delivered to him by the confidential informant.  (Doc. 2, 9)

- Ground Four: The trial court denied Petitioner's Fourteenth Amendment due process right to a fair trial by rejecting his proposed jury instruction on the *mens rea* element of knowledge of the amount of cocaine in his possession and without providing a substantially similar alternative instruction.  (Doc. 2, 11.)

- Ground Five: The trial court denied Petitioner's Fourteenth Amendment right to due process by failing to dismiss the possession of cocaine charge and the associated major drug offender specification because the State failed to present evidence proving beyond a reasonable doubt Petitioner's guilt on these charges. (Doc. 2, 13.)

- Ground Six: Petitioner's Fourteenth Amendment right to due process was violated by the unconscionable behavior of the State.  (Doc. 2, 13.)

## II.     Legal Analysis

### A.     Standard

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (*quoting Howard*

4

*v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

  **B.**  **Petitioner's Motion to Stay**

  Petitioner's Motion to Stay (Doc. 7) requests a stay of this case while his delayed appeal to the Ohio Supreme Court was under consideration. (Doc. 20, 6–7.) However, because the Ohio Supreme Court has denied Petitioner's motion for leave to file a delayed appeal, and because he has thus exhausted the state-court remedy that was the subject of his Motion to Stay, the Report recommends that Petitioner's motion be denied as moot. Petitioner does not address this in his Objection. (*See* Doc. 22.) Thus, the Report is ADOPTED in this regards. Petitioner's Motion to Stay (Doc. 7) is DENIED as moot.

  **C.**  **Respondent's Alleged Waiver of Procedural Defenses**

  Petitioner's first objection to the Report centers on Respondent's delayed filing of an answer in this case. Petitioner's writ was filed on November 25, 2009 (Docs. 1, 2), but Respondent did not timely answer, at least not initially. On December 1, 2009, the Court issued a show-cause order directing respondent to answer within sixty days. (Doc. 3.) Respondent missed this deadline. On June 2, 2010 (prodded to action by Petitioner's May 26, 2010, Motion to Stay), Respondent filed a motion for a 60-day extension explaining that the Court's show cause order "was not seen by the person responsible for assigning cases." (Doc. 8, 2.) The Court granted this extension (Doc. 9), and Respondent filed its answer on July 27, 2010 (Doc. 10). In that answer, Respondent argues that Petitioner's habeas claim has been procedurally defaulted by his failure to file a timely appeal with the Ohio Supreme Court, thereby precluding this Court from reaching the merits of Petitioner's habeas claim. (Doc. 10, 21.) In response

5

to Petitioner's arguments, the Report concluded that Respondent's delay in answering was not a waiver of any procedural defenses. (Doc. 20, 8.)

In his Objection, Petitioner argues that the magistrate judge is in error here and that Respondent did waive its procedural-default defense. (Doc. 22, 1.) He states, "[i]f this were not a habeas proceeding, the Petitioner submits that he would have been entitled to default judgment." (Doc. 22, 2.) But as Petitioner recognizes, default judgment is unavailable in federal habeas proceedings. *See* 28 U.S.C. § 2241(c)(3); *Via v. Perini*, 415 F.2d 1052, 1055 (6th Cir. 1969); *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) ("There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent."); *Lemons v. O'Sullivan*, 54 F.3d 357, 364–65 (7th Cir. 1995) ("[D]efault judgment is disfavored in habeas corpus cases."). Furthermore, as Petitioner recognizes (Doc. 22, 3), Federal Rules of Civil Procedure Rule 6 allows extensions after time has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Petitioner argues that Respondent did not show excusable neglect (Doc. 22, 3) and that even though the Respondent's answer was ultimately timely, the magistrate judge, "under principles of equity, should have limited its consideration of the scope of the Response to the substantive issue." (Doc. 22, 4.) In other words, "[t]he magistrate's consideration of [Respondent's] procedural defense, raised eight months after the Petition was filed and five months after the original deadline set by the Court, is inequitable." (Doc. 22, 4.)

The Court acknowledges the irony in Respondent's use of a defense that claims Petitioner has failed to comply with procedural requirements when Respondent has also

6

failed to comply with procedural requirements. But this Court cannot rule in Petitioner's favor here without binding precedent as guidance.

Petitioner's cites to *Miller v. Stovall*, 608 F.3d 913, 926 (6th Cir. 2010), are unavailing. That case dealt with a situation where the respondent waived an argument by failing to raise the issue. *Id.* Here, Respondent has raised the issue of procedural default loudly and clearly. (Doc. 10, 16–30.) *Stovall* is inapplicable. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002), is inapplicable because that case dealt with § 2244's one-year statute of limitations, *id.* at 491, which is not at issue here. *Smith v. State of Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426 (6th Cir. 2006), also is inapplicable for the same reason. *Id.* at 430 n.2. As to *Burgess v. Bell*, 555 F. Supp. 2d 855 (E.D. Mich. 2008), that case also dealt with a statute of limitations defense, not procedural default as here. *Id.* at 858. Furthermore, in *Burgess*, the district court denied a motion for extension of time on unusual facts that do not apply here. *Id.* at 856–57. The rest of the cases Petitioner cites are either inapplicable on the facts or non-binding on this Court. Additionally, nearly all the cases Petitioner cites were issued before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. (*See* Doc. 22, 5–8.)

Petitioner delivers his arguments skillfully, but this Court cannot grant relief based on equity alone. Petitioner may be correct where he argues that "no excuse is sufficient (to excuse compliance with a procedural requirement), but for the Respondent, there is no excuse that *will not* suffice." (Doc. 22, 9.) If that is true, it is because Congress has made it true. If Congress wishes to rewrite the AEDPA to mandate that procedural defenses are waived where a Respondent fails to file a timely

answer, so be it. But this Court cannot carve out the exception Petitioner asks for based on appeals to equity alone. Respondent was properly granted an extension of time, and its answer was therefore timely. (Doc. 20, 8.) Thus, Respondent has not waived procedural default, or any other defense. In this respect, the Report is ADOPTED.

### D.     Cause and Prejudice

Petitioner's next objection is that the magistrate judge erred in not finding that cause and prejudice excused Petitioner's procedural default. (Doc. 22, 9.) "Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Clinkscale v. Carter*, 375 F.3d 430, 435 (6th Cir. 2004). As such, federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Procedural default may occur if the state prisoner files an untimely appeal, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule requiring him to have done something at trial to preserve the issue for appellate review, *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

Petitioner acknowledges that he did not timely present any of his federal claims to the Ohio Supreme Court. He filed a delayed appeal to the Ohio Supreme Court, but

the motion was rejected without explanation. (Doc. 22, 10.) The Sixth Circuit has ruled that where the Ohio Supreme Court denies a motion for delayed appeal without explanation that constitutes an adequate and independent state procedural ruling sufficient to bar federal review of a habeas-corpus petition. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). The magistrate judge concluded that Petitioner's claims were procedurally defaulted "either when he failed to raise them at all on direct appeal (Ground Five) or when he failed to timely appeal to the Ohio Supreme Court (Grounds One through Four and Six)," and they are "barred from review absent a showing of cause and prejudice or a fundamental miscarriage of justice." (Doc. 20, 12–13.) This Court agrees.

Petitioner argues that cause and prejudice exists here to excuse any procedural default. (Doc. 22, 11.) When a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a habeas action only if the petitioner can demonstrate either "cause" and "prejudice" or "a fundamental miscarriage of justice" ("actual innocence"). *Murray v. Carrier*, 477 US 478, 485, 496 (1986); *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005).

More specifically, Petitioner argues that his meaningful access to the courts has been denied by a combination of being denied access to Ohio legal materials or by being denied legally trained personnel, and by the fact that he was unable to privately retain counsel due to indigency. (Doc. 22, 17–18.) Stated differently, Petitioner maintains that he was entitled to either an Ohio law library or to legally trained personnel (he got neither), and in addition, he could not afford his own counsel. (Doc. 22, 18.)

But the Report effectively dealt with the details of this argument. The magistrate judge first noted that Petitioner had no constitutional right to counsel on a discretionary appeal to the Ohio Supreme Court. (Doc. 20, 13) (*citing Tanner v. Jeffreys*, 5167 F. Supp. 2d 909, 916 (N.D. Ohio 2007) and *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (holding that when states provide post-conviction relief for collateral attack upon judgment they have no obligation to supply a lawyer)). And because this is true, his inability to secure counsel to assist him in filing a timely appeal does not excuse his procedural default. (Doc. 20, 14.) As to Petitioner's argument about being denied access to Ohio legal materials and his reliance on *Phillips v. Mills*, No. 98-5061, 1999 WL 685925 (6th Cir. Aug. 25, 1999) (unpublished table decision), the magistrate judge correctly points out the key fact that Petitioner has not shown that he requested Ohio legal materials while incarcerated in Indiana, so *Phillips* does not apply. (Doc. 20, 15); *cf. Ralph v. Warden, Ross Corr. Inst.*, No. 2:07cv199, 2008 WL 659708, at *1 (S.D. Ohio Mar. 6, 2008) (distinguishing *Phillips* because "nothing in the record before this Court lends credit to petitioner's assertion that he was unable to obtain Ohio legal materials and forced to wait until his return to Ohio to pursue relief"). None of these arguments demonstrates cause individually, and Petitioner has cited no precedent showing that they create cause in combination. (*See* Doc. 22.)

The Report concluded that Petitioner has procedurally defaulted his claims and that he has not demonstrated "cause" for this default or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court. (Doc. 20, 16.) This Court agrees, and the report is ADOPTED in full. Therefore, Petitioner's further arguments about Ground Two (Doc. 22, 21–22) are not reached.

### III. Conclusion

After reviewing this matter de novo, the Court ADOPTS the magistrate judge's Report (Doc. 20) in full. Petitioner's Motion to Stay (Doc. 7) is DENIED as moot. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) is DENIED with prejudice. Furthermore, consistent with the Report's recommendations (Doc. 20, 16–17) a certificate of appealability will not issue with respect to Petitioner's claims for relief, see Slack v. McDaniel, 529 U.S. 473, 484–85 (2000), and Petitioner is DENIED leave to appeal in forma pauperis, see Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge
